IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
WESTCHESTER SURPLUS LINES      )
INSURANCE COMPANY,             )
                               )
          Plaintiff,           )
                               )
     v.                        )   No.  09 C 7481
                               )
SAGER SEALANT CORPORATION,     )
et al.,                        )
                               )
          Defendants.          )
```

MEMORANDUM ORDER

Westchester Surplus Lines Insurance Company ("Westchester") has filed its Complaint for Declaratory Judgment, together with bulky exhibits, against three defendants. Because two of those defendants--JDL Development IX, LLC and JDL Development Contractors, LLC--are limited liability companies, Westchester's effort to invoke diversity jurisdiction fails on the present Complaint.

In that respect, although Complaint ¶¶4 and 5 properly allege the requisite citizenship facts under 28 U.S.C. §1332(c)(1) as to Westchester itself and as to the single corporate defendant, all that is asserted as to the two JDL entities are these irrelevancies (Complaint ¶¶6 and 7):

> 6. JDL Development IX, LLC is a company organized and existing under the laws of Illinois. Upon information and belief, at all relevant times, JDL Development's principal place of business was Illinois.
>
> 7. JDL Development Contractors, LLC is a corporation organized and existing under the laws of Illinois. Upon information and belief, at all relevant

> times, JDL Development's principal place of business was Illinois.

That last set of allegations ignores more than 10 years of repeated teaching from our Court of Appeals (see, e.g., <u>Cosgrove v. Bartolotta</u>, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by <u>Thomas v. Guardsmark, LLC</u>, 487 F.3d 531, 533-34 (7th Cir. 2007)).  And that teaching has of course been echoed many times over by this Court and its colleagues.

Until quite recently this Court was content simply to identify such failures to the lawyers representing plaintiffs in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (<u>Wernsing v. Thompson</u>, 423 F.3d 732, 743 (7th Cir. 2005)).  But there is really no excuse for counsel's lack of knowledge of such a firmly established principle after more than a full decade's repetition by our Court of Appeals and others.  Hence it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly not only Westchester's Complaint but this action are dismissed (cf. <u>Held v. Held</u>, 137 F.3d 998, 1000 (7th Cir. 1998)), with Westchester and its counsel being jointly obligated to pay a fine of $350 to the Clerk of this District Court if they hereafter file a timely and appropriate Fed. R. Civ. P. 59(e) motion that provides the missing information that can lead to the

vacatur of this judgment of dismissal.[1]  Because this dismissal is attributable to Westchester's lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.

In that respect, however, it does seem quite likely that the membership in the two limited liability companies may not include any Georgia citizens, in which event the jurisdictional defect spoken of here would in fact prove readily curable.  In light of that possibility, this Court is contemporaneously issuing its customary initial scheduling order, an order that would of course be vacated if this action remains dismissed.

                                                                                     _____
                                                                                     Milton I. Shadur
                                                                                     Senior United States District Judge

Date:  December 3, 2009

---

[1] That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defect identified here turns out to be curable.